Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000089
28-MAR-2013
09:47 AM

NO. CAAP-12-0000089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK, N.A. AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST 2006-1
ASSET-BASED CERTIFICATES, SERIES 2006-1,
Plaintiff-Appellee,
v.
ROBERT L. HENSLEY and FRANCES C. HENSLEY
and JOHN and MARY DOES 1-10,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 10-1-0091)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants-Appellants Robert L. Hensley and Frances C.
Hensley (Hensleys) appeal from the December 2, 2011 "Judgment For
Ejectment," the December 2, 2011 "Writ of Possession," and
related orders entered in the Circuit Court of the First Circuit[1]
(circuit court). The circuit court granted summary judgment and
entered judgment for ejectment in favor of Plaintiff-Appellee
Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan
Trust 2006-1 Asset-Based Certificates, Series 2006-1 (Wells
Fargo).

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

In their opposition to Wells Fargo's Motion for Summary Judgment (MSJ) and their opening brief, the Hensleys contend there are genuine factual issues as to whether Wells Fargo had the authority to initiate the underlying non-judicial foreclosure, thus invalidating Wells Fargo's quitclaim deed and its entitlement to ejectment. Specifically, the Hensleys claim the assignment of the note and mortgage to Wells Fargo (Assignment) was void pursuant to the terms of a Pooling and Servicing Agreement (PSA). Wells Fargo received the Assignment in its role as the trustee of a securitized mortgage loan trust (Trust). The PSA's terms provided that the Trust ceased accepting mortgages several years before the contested Assignment was executed to Wells Fargo. The Hensleys argue Wells Fargo had no authority to accept the mortgage on the Trust's behalf, and the violation of the PSA means that Wells Fargo does not have good title to the mortgage.

However, the Hensleys have not cited precedent holding that an assignment is invalid simply because it conflicts with a PSA or is made after a trust is closed. Rather, as Wells Fargo asserts, recent decisions by courts have rejected identical arguments contesting the validity of assignments to securitization trusts and have concluded that noncompliance with a PSA is irrelevant to the assignee's standing to foreclose. See, e.g., Abubo v. Bank of New York Mellon, No. 11-00312 JMS-BMK, 2011 WL 6011787, at *8 (D. Hawaiʻi Nov. 30, 2011) (discussing several cases rejecting similar arguments in part because noncompliance with the terms of a PSA is irrelevant to the validity of the assignment); Long v. One W. Bank, FSB, No. 11 C 703, 2011 WL 3796887 at *4 (N.D. Ill. Aug. 24, 2011) (noting

2

the absence of precedent holding an assignment invalid because of a conflict with a PSA).

Noncompliance with the PSA may be relevant if there were doubts regarding the chain of title. In this case, however, Wells Fargo produced documents showing a direct chain of title from the initial lender, Option One Mortgage Corporation (Option One), to Wells Fargo. The record shows that on October 17, 2005, the Hensleys executed a promissory note and a mortgage encumbering the subject property (Property) to Option One. The mortgage, which was recorded in the Bureau of Conveyances of the State of Hawai'i (BOC) on October 25, 2005, identifies Option One as the mortgagee. Option One then changed its name to Sand Canyon Corporation (SCC), and SCC assigned the mortgage and the note to Wells Fargo via the Assignment. Wells Fargo recorded the Assignment on November 3, 2009.

A party who shows a "direct chain of paper title that he is the owner of land" demonstrates "prima facie evidence of their contents" and that title is vested in that party. See Apana v. Kapano, 20 Haw. 399, *3 (Haw. Terr. 1911). Thus, Wells Fargo made a prima facie showing that it was the holder of the note and the mortgage encumbering the Property and had the right to foreclose.

Wells Fargo also made a prima facie showing of the validity of the foreclosure proceedings and of its entitlement to ejectment. In support of its MSJ, Wells Fargo attached as exhibits a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" and the resulting quitclaim deed to the Property issued in its favor, both recorded in the BOC. The affidavit sets forth facts sufficient to establish that the affiant complied with the requirements of the power of sale and the statute and is evidence that the power of sale was duly executed. See Hawaii Revised Statutes (HRS) § 667-8 (1993 Repl.).

When the moving party satisfies its initial burden of production, the burden shifts to the non-moving party to

establish that genuine issues of material fact exist. <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawai'i 286, 296, 141 P.3d 459, 469 (2006). The party opposing summary judgment "must show more than . . . some metaphysical doubt as to the material facts, for the mere existence of a scintilla of evidence in support of his [or her] position is insufficient to survive summary judgment." <u>Yoneda v. Tom</u>, 110 Hawai'i 367, 384-85, 133 P.3d 796, 813-14 (2006) (quoting <u>Springwall, Inc. v. Timeless Bedding, Inc.</u>, 207 F. Supp. 2d 410, 416 (M.D.N.C. 2002)).

The Hensleys' conclusory statements that the documents Wells Fargo produced are "forged" and "fraudulent" are insufficient to raise a genuine issue. Moreover, even if the manner in which the mortgage was transferred did not comply with the PSA, it does not follow that the mortgage was not part of the Trust or that Wells Fargo does not own the mortgage and note. The Hensleys failed to produce sufficient evidence to survive summary judgment on this issue.

The Hensleys also contend the Assignment to Wells Fargo was defective because SCC, the assignor, lacked the legal authority to execute the Assignment. The Hensleys rely on a declaration from SCC's president that had been filed in an unrelated United States Bankruptcy Court proceeding in Louisiana. In the declaration, the president stated that as of March 18, 2009, SCC no longer owned any real estate mortgages. The Hensleys point out, SCC executed the Assignment on October 26, 2009. The Hensleys contend the Assignment cannot be valid because the assignor, by its own admission, no longer owned the asset it purported to assign.

In response, Wells Fargo submitted to the circuit court documents demonstrating SCC's authority to execute the Assignment. Specifically, it produced (1) a limited power of authority from SCC to American Home Mortgage Servicing, Inc. (AHMSI) and (2) an SCC corporate resolution. The documents indicate AHMSI purchased SCC's mortgage loan servicing business

through a purchase agreement dated March 17, 2008, and SCC then granted AHMSI the authority to assign mortgage loans in SCC's name. The SCC corporate resolution appointed certain AHMSI employees to serve as SCC officers with the authority to execute mortgage assignments. The signatory on the Assignment was one of the SCC officers designated in the resolution.

The Hensleys' argument on appeal and in their supplemental opposition to the MSJ simply reiterate that the SCC president's declaration creates a genuine issue. In light of the documents Wells Fargo produced, however, we agree with the circuit court's conclusion that the declaration fails to demonstrate the existence of a material factual dispute precluding summary judgment.

Finally, we conclude the circuit court did not abuse its discretion when it denied the Hensleys' Motion to Compel. Fisher v. Grove Farm Co. Inc., 123 Hawai'i 82, 94, 230 P.3d 382, 394 (App. 2009). The record demonstrates the Hensleys had sufficient opportunity to conduct discovery. As the circuit court noted, the Hensleys retained counsel as early as August 30, 2010, when Hensleys' counsel filed an answer to the ejectment complaint. The Hensleys failed to initiate discovery until June 15, 2011. The Hensleys had a year's time from the filing of the complaint until Wells Fargo filed its MSJ.

Furthermore, the Motion to Compel requested documents such as "the original 'wet ink' Note," "the original assignment of mortgage," and "an original of any intervening assignment of Mortgage." The Hawai'i statutes governing non-judicial foreclosure do not expressly require that the foreclosing party produce a physical copy of the original note, see HRS §§ 667-5 to -10, and the extent to which discovery is permitted is subject to considerable latitude and the discretion of the trial court. Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 100-01, 73 P.3d 46, 54-55 (2003). Therefore, we conclude the circuit court did not err when it denied the Motion to Compel.

Therefore,

IT IS HEREBY ORDERED that the (1) "Order Denying Defendants Robert L. Hensley's Motion to Compel Plaintiff Produce Documents Filed September 8, 2011"; (2) "Order Granting Plaintiff's Motion for Summary Judgment and For Writ of Ejectment Against Defendants Robert L. Hensley and Frances C. Hensley Filed April 55, 2011"; (3) Judgment for Ejectment; and (4) Writ of Possession, all entered on December 2, 2011; and (5) the January 31, 2012 "Order Denying Defendants Robert L. Hensley and Frances C. Hensley's Motion for Reconsideration of This Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion to Compel Plaintiff to Produce Documents Filed December 13, 2011" all entered in the Circuit Court of the First Circuit are all affirmed.

DATED: Honolulu, Hawai'i, March 28, 2013.

On the briefs:

Gary Victor Dubin
Fred J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather
Sofia M. Hirosane
Blue Kaanehe
(RCO Hawaii)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge